Case 1:18-cr-00157-SEB-DML   Document 65   Filed 10/17/24   Page 1 of 4 PageID #: 204

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America )<br>v. )<br>ANDRE HAMILTON )<br>)<br>Date of Original Judgment: 07/19/2019 )<br>Date of Previous Amended Judgment: )<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:18-cr-00157-SEB-DML-1<br>USM No: 16362-028<br><br>_____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  07/19/2019  shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/17/2024

*signature*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00157-SEB-DML |
| | ) | |
| ANDRE HAMILTON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Andre Hamilton's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 53]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines.

Pursuant to the holding in <u>Dillon v. U.S.</u>, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines are not available to Petitioner.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines formulation), if the defendant received 7 criminal history points and committed the offense while under criminal justice sentence as specified. (A person who had six criminal history points or fewer receives no status points.)

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points, but there are several exceptions to eligibility for this reduction. He must meet <u>all</u> of § 4C1.1's criteria for eligibility, one of which requires that he not have been found to have possessed received, purchased, transported, transferred, sold or otherwise disposed of a firearm in connection with the offense. § 4C1.1(a)(7).

Petitioner Hamilton pled guilty to the offense of interference with commerce by means of robbery and discharging a firearm. He had 0 criminal history points as a part of his sentencing guideline computation but no status points. He had a criminal history score of I on Count 1 and a consecutive statutory term of 10 years on Count 2. Thus, even after applying § 4A1.1(e), he would have the same number of criminal history points and his guidelines range would remain unchanged. Under Part B, despite his having no criminal history points, he fails to meet all the criteria because he possessed a firearm in connection with the offense. Accordingly, the Amendment does not affect his overall sentence making him ineligible for relief. His motion for reduction of sentence must be denied.

IT IS SO ORDERED.

Date: _____10/17/2024_____      _____
                                     SARAH EVANS BARKER, JUDGE
                                     United States District Court
                                     Southern District of Indiana

<u>Distribution:</u>

Counsel of Record via CM/ECF

Andre Hamilton #16362-028
FCI Beckley
P.O. Box 350
Beaver, WV 25813

Electronic Notice to United States Probation Office